IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID BALDONADO,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR HEARING<br><br><br><br>Case No. 2:05-CR-689 TS |

This matter is before the Court on Defendant's Motion for Hearing. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

On September 22, 2006, Defendant was sentenced in this matter. As part of his sentence, Defendant was ordered to pay restitution in the amount of $22,653.59. After Defendant failed to make restitution payments or provide financial information, the government began garnishment proceedings in June 2010.

On June 23, 2010, the government filed an Application for Writ of Garnishment. The Court issued an Order for Issuance of a Writ of Garnishment on June 30, 2010. A Writ of

1

Continuing Garnishment was issued on July 1, 2010. On August 16, 2010, a Final Order in Garnishment was issued. A certified copy of the Final Order in Garnishment was sent to Defendant. On October 14, 2010, the Court received the Motion for Hearing from Defendant, in which he complains of the garnishment action.

## II. DISCUSSION

The Federal Debt Collection Procedures Act ("FDCPA")[1] sets forth the exclusive civil procedures for the United States to recover a judgment on an amount that is owing to the United States on restitution.[2] Section 3205 of the FDCPA provides that "[a] court may issue a writ of garnishment . . . in order to satisfy the judgment against the debtor."[3] Sections 3202 and 3205 of the FDCPA provides instructions on how Defendant may challenge the order.[4]

"[W]ithin 20 days after receiving the notice [of the writ]," the debtor may request a court hearing.[5] Here, Defendant's completely missed the 20-day period and has provided no reason for his failure. Therefore, Defendant's request for a hearing is untimely.

Further, under Subsection 3202(d), the issues at a hearing seeking to quash an order granting a enforcement remedy are limited: (1) to the probable validity of any claim of exemption by the judgment debtor; (2) to compliance with any statutory requirement for the issuance of the

---

[1] 28 U.S.C. §§ 3001–3308.

[2] *Id*. §§ 3001(a)(1), 3002(3)(B).

[3] *Id*. § 3205(a).

[4] *See id*. §§ 3202(b), 3202(d), and 3205(c)(5).

[5] *Id*. § 3202(d).

post-judgment remedy granted; and (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to: (A) the probable validity of the claim for which the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment. Defendant has failed to set forth any of these grounds. Rather, Defendant only argues inability to pay. Inability to pay is not set out as one of the factors listed in Subsection 3202(d). Thus, the issues raised in Defendant's Motion cannot be raised in a hearing.

The Court may, however, consider a Defendant's inability to pay under 28 U.S.C. § 3013 and may limit the government's enforcement remedies.[6] Section 3013 states that "[t]he court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter." As stated, Petitioner argues inability to pay. Petitioner has not provided sufficient information to support this claim. Further, the information provided by the government reveals that the garnishment is far less than that asserted by Defendant. Therefore, to the extent that Defendant seeks a limitation of the garnishment, the Motion will be denied.

---

[6]*United States v. Ogburn*, 499 F.Supp. 2d 28, 31 (D. D.C. 2007); *United States v. Crowther*, 473 F.Supp. 2d 729, 731 (N.D. Tex. 2007); *United States v. Kaye*, 93 F.Supp. 2d 196, 199 (D. Conn. 2000).

III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Hearing (Docket No. 215) is DENIED.

DATED   December 16, 2010.

                      BY THE COURT:

                      _____
                      TED STEWART
                      United States District Judge